UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

———

Madison Hoffacker
Plaintiff,

v.



-FILED-

SEP 15 2025

At _____ M
Chanda J. Berta, Clerk
U.S. DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

The Hershey Company / Hershey's Salty Snacks (formerly Pretzels Inc.)
and
Stephanie Zahm, in her capacity as Head of HR
Defendants.

Case No. 1 : 25 C V 4 9 2 _____

———

COMPLAINT

1. Jurisdiction and Venue
This action arises under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, the Fair Labor Standards Act, and related federal and state laws prohibiting retaliation, discrimination, wrongful termination, workplace harassment, and wage violations. Jurisdiction is proper under 28 U.S.C. §1331. Venue is proper in this District because the acts complained of occurred in Bluffton, Wells County, Indiana, within the Northern District of Indiana, Fort Wayne Division.

affect employee time or pay. Plaintiff has photographic evidence proving the employee was present that day.

e. Defendant Stephanie mischaracterized this admission, exaggerating it into misconduct, and used it as pretext to terminate Plaintiff.

f. Plaintiff's grievance was mishandled: deadlines were ignored, suspension was extended beyond policy, and reinstatement was blocked despite management's support.

g. Other employees who committed more serious violations, including falsifying quality checks, were reinstated or given multiple chances. Plaintiff was denied equal treatment.

h. Plaintiff paid union dues for over four years, but when she finally needed representation, her union failed to act in good faith. Meanwhile, Stephanie lied about grievance timing to keep Plaintiff out, while breaking contract rules herself.

i. Plaintiff also endured harassment, including:
- A supervisor and coworker engaging in sexual activity with her partner in her own home without her knowledge.
- Ongoing threats, hostility, and retaliation from coworkers and supervisors.

j. Defendants' actions caused Plaintiff severe financial and personal harm: she lost her job, benefits, and vacation pay, fell behind on bills, had her utilities shut off, and could not fully provide for her dependent child.

k. Plaintiff's mental health deteriorated, and she was re-diagnosed with chronic depression as a direct result of Defendants' actions. She has medical documentation of this diagnosis.

5. Claims for Relief
- Count I: Retaliation (Title VII, 42 U.S.C. §2000e-3) – for reporting workplace assault and misconduct.

- Count II: Discrimination/Unequal Treatment (Title VII, 42 U.S.C. §2000e-2) – for being denied equal treatment compared to others.
- Count III: Hostile Work Environment (Title VII) – for ongoing harassment, assault, and threats.
- Count IV: Wrongful Termination in Violation of Public Policy – for firing Plaintiff under false pretenses after protected activity.
- Count V: Wage Violation – for failure to pay four weeks of earned vacation time.
- Count VI: Breach of Contract / Violation of Collective Bargaining Agreement – for breaking grievance and suspension rules.
- Count VII: Intentional Infliction of Emotional Distress (IIED) – for conduct that caused Plaintiff chronic depression and lasting harm.

6. Damages

As a direct result of Defendants' conduct, Plaintiff has suffered and continues to suffer damages including:

a. Lost wages, benefits, and seniority (back pay and front pay).

b. Unpaid vacation time that was earned but never paid out.

c. Medical costs and mental health treatment related to Plaintiff's re-diagnosis of chronic depression.

d. Severe emotional distress, humiliation, loss of reputation, and damage to Plaintiff's quality of life.

e. Financial hardship, including inability to pay utilities and provide for her dependent child.

f. Punitive damages to punish and deter Defendants' reckless and malicious misconduct.

Plaintiff estimates damages in excess of $75,000, including compensatory and punitive damages, and seeks an amount sufficient to fairly compensate for her losses and deter future misconduct.

7. Relief Requested

Plaintiff respectfully requests that this Court:

a. Reinstate Plaintiff to her former position (or equivalent) with full seniority rights OR award front pay if reinstatement is not practical.

b. Award back pay, lost benefits, and unpaid vacation.

c. Award compensatory and punitive damages.

d. Award medical and emotional distress damages.

e. Award attorney's fees and costs.

f. Grant all other relief the Court deems just and proper.

Respectfully submitted,

Madison Hoffacker (Pro Se Plaintiff)
122 W. Wiley Ave
Bluffton, IN 46714
(260)919-1847
m.hoffacker19@gmail.com

Date: 9-15-2025