UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| MADISON HOFFACKER,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>THE HERSHEY COMPANY / HERSHEY'S SALTY SNACKS, et al.,<br><br>　　　　Defendants. | CASE NO. 1:25-CV-492-HAB-ALT |

**OPINION AND ORDER**

Pro se Plaintiff Madison Hoffacker ("Hoffacker") is suing her former employer The Hershey Company / Hershey's Salty Snacks for violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§2000e, et seq., the Fair Labor Standards Act, and related state laws. (ECF No. 1). Along with her Complaint, Hoffacker filed a motion for leave to proceed *in forma pauperis.* (ECF No. 2).

This Court "may authorize the commencement [of this case] without pre-payment of fees [if] the person is unable to pay such fees . . .." 28 U.S.C. § 1915. A person is unable to pay the filing fee if "because of his poverty [doing so would result in the inability] to provide himself and dependents with the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948) (quotation marks omitted). In a Chapter 7 Bankruptcy case, the filing fee may be waived "if the court determines that such individual has income less than 150 percent of the income official poverty line." 28 U.S.C. § 1930(f)(1)[1]. Though this is not a Bankruptcy case, the judicial discretion afforded by 28 U.S.C. § 1915 permits application of the same threshold. *See Merritte v.*

---

[1] *See also* https://www.uscourts.gov/sites/default/files/poverty-guidelines.pdf (150% of the HHS Poverty Guidelines for 2025).

*Templeton*, 493 F. App'x 782, 784 (7th Cir. 2012) ("Courts have wide discretion to decide whether a litigant is impoverished."). The Poverty Line is set annually by the United States Department of Health and Human Services pursuant to 42 U.S.C. § 9902.

Here, Hoffacker indicates she is single and has one dependent she is supporting. Beyond that, very little is ascertainable. While Hoffacker filled out the long version of the AO239 as part of her application to proceed without paying fees, much of what she claims does not mathematically add up. She also claims to bear expenses that seem facially implausible. For example, it is hard to fathom she pays $2,050 per month on utilities alone yet only spends $300 per month on food for her and her child. She also claims to receive child support yet also be responsible for alimony payments.

Whether or not these figures are accurate, Hoffacker cannot proceed without paying the filing fee. In Indiana, 150 percent of the official income poverty line equals $30,660 per year. Taking Hoffacker's $3,160 per month income figure at face value, that would mean she makes $37,920 per year. This well exceeds the limit to qualify for relief from paying the fee. As such, Hoffacker will not be allowed to proceed *in forma pauperis*.

The Court has also reviewed Plaintiff's complaint, which asserts claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§2000e, et seq., the Fair Labor Standards Act, and related state-law claims. (ECF No. 1). Hoffacker appears to have filed an EEOC Charge, as she attached her Notice of Right to Sue. *Id.* at 12. But the EEOC Charge itself was not also attached to her Complaint. A court may take judicial notice of an EEOC Charge. *Metz v. Joe Rizza Imports, Inc.*, 700 F. Supp. 2d 983, 989 n.2 (N.D. Ill. 2010). However, a court may only take judicial notice of a fact that is not subject to reasonable dispute. Fed. R. Evid. 201; *Tobey v. Chibucos*, 890 F.3d 634, 648 (7th Cir. 2018). Thus, while the fact that Hoffacker filed an EEOC Charge is one of which this

Court may take judicial notice, it is not the case that the allegations in the EEOC Charge are not subject to reasonable dispute. Indeed, her EEOC Charge sets forth her own allegations of misconduct just like her complaint here. *See Conner v. Ill. Dep't of Nat. Res.*, 413 F.3d 675, 680 (7th Cir. 2005) (noting that to bring a Title VII claim, a plaintiff must first "file a charge with the EEOC detailing the alleged discriminatory conduct").

It also appears that some pages of Hoffacker's complaint are missing. The first page of the Complaint begins with the heading "1. Jurisdiction and Venue," after which one paragraph follows. (ECF No. 1, at 1). The next page starts with a partial sentence, contains subparts (e) through (i), and ends with the heading "5. Claims for Relief." *Id.* at 2. Thus, it appears many facts Hoffacker alleges are not before the Court since they did not make it into the submitted Complaint.

To ensure Hoffacker's claim can be properly adjudicated, the Court will permit her to file an amended complaint in which she (1) attaches the EEOC Charge she filed in this case and (2) includes any pages missing from her original filing.

For these reasons, the court:

(1) DENIES Plaintiff's motion for leave to proceed in forma pauperis (ECF No. 2);

(2) GRANTS Plaintiff until October 30, 2025, to pay the $405.00 filing fee;

(3) GRANTS Plaintiff until October 30, 2025, to submit an Amended Complaint that includes any pages missing from her original filing and attaches the EEOC Charge of Discrimination and Notice of Right to Sue letter issued to her;

(4) CAUTIONS the plaintiff if there is no response by the deadline, this case will be dismissed without further notice.

SO ORDERED on September 30, 2025.

s/*Holly A. Brady*
CHIEF JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT